**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JAMES MANDELL LEWIS, )
)
Plaintiff, )
)
v. )  Case No. 08-4025-JAR
)
BRYAN WHEELES, and )
JOHN DOES 1-4 )
)
Defendant )

**MEMORANDUM AND ORDER**

This matter comes before the court upon plaintiff's Motion to Amend Complaint (Doc. 11).

Defendants have filed a response (Doc. 12).  No reply has been filed by the plaintiff and the time

for doing so has passed.  Therefore, the court is prepared to rule.

As detailed below, the court denies plaintiff's motion to amend his complaint.

**I.       Background**

Plaintiff filed his original complaint on February 11, 2008 (Doc. 1).  The parties' original

scheduling order provided May 30, 2008, as the deadline to seek leave to join additional parties or

otherwise amend the pleadings (Doc. 10). The plaintiff filed his Motion to Amend Complaint within

this deadline.

**II.      Parties' Contentions**

On May 30, 2008, plaintiff filed the instant motion to amend his complaint to change a John

Doe defendant to a known defendant.[1]  Plaintiff asserts that the Amended Complaint "includes only

claims that arose out of the conduct, transaction or occurrence attempted to be set forth by the

---

[1]Plaintiff's Motion for Leave to Amend Complaint (Doc. 11) at p. 1.

Plaintiff in the original pleading."[2] Plaintiff argues that leave to amend is freely given and will cause

no prejudice.[3]  Defendant opposes this motion on the grounds that it is prejudicial and futile.[4]

Specifically, defendant argues that plaintiff's proposed amendment does not relate back to the date

of plaintiff's original complaint because Fed. R. Civ. 15(c)(3) and the relevant Tenth Circuit law

expressly prohibit relation back under the circumstances of this case.

**III.    Standard**

Pursuant to Fed. R. Civ. P. 15(a), once a responsive pleading has been filed, "a party may

amend only by leave of court or by written consent of the adverse party; and leave shall be freely

given when justice so requires." Ordinarily, leave to amend will be freely granted absent "a showing

of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously

allowed, or undue prejudice to the opposing party, or futility of amendment."[5]

A proposed amendment is futile "if the proposed amendment would not withstand a motion

to dismiss or otherwise fails to state a claim upon which relief may be granted."[6]  Consequently,

"'the court must analyze a proposed amendment as if it were before the court upon a motion to

dismiss pursuant to Fed. R. Civ. P. 12(b)(6).'"[7]  Only when it appears beyond a reasonable doubt

---

[2]*Id.* at 2.

[3]*Id.*

[4]Objection to Plaintiff's Motion to Amend and to Enlarge Time to Serve (Doc. 12) at p. 2.

[5]*Castleglen v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[6]*Stewart v. Bd. of Comm'rs for Shawnee County*, 216 F.R.D. 662, 664 (D. Kan. 2003)(citation omitted).

[7]*Id.* (citing *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001)).

that a plaintiff can prove no set of facts in support of the theory of recovery that would entitle him

to relief is dismissal of a claim under Rule 12(b)(6) appropriate.[8]

## IV.    Discussion

Defendant argues that the court should bar the plaintiff from amending the complaint because

the statute of limitations has run, and therefore the claim would be futile. The plaintiff's cause of

action is based on 42 U.S.C. § 1983.  The applicable statute of limitations in the state of Kansas for

this type of 1983 claim is two years.[9]  Also, "claims arising out of police actions toward a criminal

suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the

actions actually occur."[10]  Therefore, the statute of limitations began to run from the date of the

alleged incident, February 10, 2006, and ended on February 11, 2008.[11]

Plaintiff contends that his proposed amendment relates back under Fed. R. Civ. P. 15(c).

Rule 15(c)(1)(C) states in pertinent part:

> An amendment of a pleading relates back to the date of the original pleading when...the amendment changes the party or the naming of the party against whom a claim is asserted if [Rule 15(c)(1)(B)] is satisfied and if, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (i) received such notice of the action that it will not be prejudiced in

---

[8]*Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).

[9]*Johnson v. Johnson County Com'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).  *See also Hamilton v. City of Overland Park, Kan.*, 730 F.2d 613, 614 (10th Cir. 1984).

[10]*Johnson v. Johnson County Com'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

[11]While state law determines the length of a statute of limitations, federal law governs its calculation.  *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 557 (10th Cir. 1999).  Fed. R. Civ. P. 6(a) excludes the date of the event in calculating time, and includes the last day of the period unless that it is a Saturday, Sunday or legal holiday, in which case it is extended to the next day which is not one of those days.  The last day of the period, February 10, 2008, was a Sunday, making February 11, 2008 the end of the statute of limitations.

defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for *a mistake* concerning the proper party's identity.[12]

The United States Court of Appeals for the Tenth Circuit as well as judges of this District have routinely held that the replacement of an unknown or "John Doe" defendant with a named party fails to relate back under Fed. R. Civ. P. 15(c)(1)(C), as such amendments constitute a substitution of a party rather than the correction of a misnomer.[13]  This ruling is due to the Tenth Circuit's determination that "a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of Rule 15(c) . . ."[14] Therefore, it appears to be well-settled law that replacing an unknown defendant with a named defendant after expiration of the statute of limitations fails to relate back under the provisions of Fed. R. Civ. P. 15(c).

Here, it is clear that the amendment of a John Doe pleading to name the defendant is not a mistake in identity, but amounts to substituting a new party.[15]  In addition, there is no evidence, and plaintiff does not argue that the new defendant was put on notice of the action during the period of the statute of limitations.  Thus, the proceedings would not relate back to the date of the original complaint, and would be barred by the statute of limitations.  Such an action would not survive a

---

[12](Emphasis added).

[13]*Wesley v. Don Stein Buick, Inc. et al.*, 42 F. Supp. 2d 1192, 1198 (D. Kan. 1999)(citing *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1389 (10th Cir. 1984); *Echols v. Unified Gov't of Wyandotte County, et al.*, 399 F. Supp.2d 1201, 1210 (D. Kan. 2005)(citing *Garrett v. Fleming*, 362 F.3d 692, 697 (10th Cir. 2004)).

[14]*Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004); *Bell v. City of Topeka*, No. 07-3204, 2008 U.S. App. LEXIS 11205, at *6-7 (10th Cir. May 23, 2008).

[15]*Watson*, 733 F.2d at 1389; *Garrett* , 362 F.3d at 696.

motion to dismiss and thus is futile.

IT IS THEREFORE ORDERED that plaintiff's Motion to Amend Complaint (Doc. 11) is denied.

Because the court's decision to deny plaintiff leave to amend with respect to his assertion of individual liability against the proposed defendant officer has the identical effect of an order dismissing a potential claim or party, it can be considered to be dispositive, and plaintiff is entitled to a *de novo* review of that decision by the presiding judge upon the filing of a written objection in accordance with Fed. R. Civ. P. 72(b) and D. Kan. R. 72.1.4(b).[16]  In the event plaintiff wishes to exercise his right to such a *de novo* review, he should follow the procedures outlined by Fed. R. Civ. P. 72(b) and D. Kan. R. 72.1.4(b) for filing an objection to a magistrate judge's recommendation on a dispositive matter, and he must file such an objection within ten days of the entry of this order.

IT IS SO ORDERED.

Dated this 28th day of July, 2008, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[16]*See Cuenca v. University of Kansas*, 205 F. Supp. 2d 1226, 1228-29 (D. Kan. 2002)(holding that a magistrate judge's order denying leave to amend that has the effect of dismissing potential claims or parties from the lawsuit must be reviewed using a *de novo* standard).