ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JAMES MANDALL LEWIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | Case No. 08-4025-JAR |
| **BRYAN WHEELES, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S
## MOTION TO DISMISS

This matter comes before the Court upon defendant Bryan Wheeles' Motion to Dismiss (Doc. 13). Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Detective Wheeles and four other "John Doe" police officers alleging violations of his constitutional rights when the defendants executed a search warrant on his residence. Plaintiff filed a response to defendant's motion out of time and defendant filed a reply.[1] As explained more fully below, defendant's motion to dismiss is granted.

## I.     Background

Plaintiff's Complaint alleges the following facts material to this motion and the Court draws all reasonable inferences in favor of plaintiff. On February 10, 2006, a Shawnee County District Judge issued a search warrant for plaintiff's home in Topeka, Kansas. Defendant

---

[1]*See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within 23 days). Defendant filed his summary judgment motion on June 9, 2008. The response was therefore due on July 2, 2008. *See id.*; Fed. R. Civ. P. 6. No response was filed by this deadline; instead, plaintiff filed a response on July 31, 2008 without first filing a motion for leave to file it out of time. Pursuant to D. Kan. Rule 7.4, if a respondent fails to file a timely response, "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."

Wheeles was the warrant's executing officer and was in charge of executing the search warrant of plaintiff's home that day.

When the warrant was executed, multiple officers in ski masks carrying weapons approached his door. When plaintiff opened his door, these officers pointed their weapons at plaintiff and yelled "nigger Mandell lay on the floor this is a raid." Plaintiff complied with the officers' command to lay down, but repeatedly asked if he could place his dog in a pen. The officers denied these requests and proceeded to handcuff plaintiff. The officers stomped on plaintiff's back and struck him while making racist remarks.

Later, one of the officers went outside and stomped his feet, aggravating plaintiff's dog. As the dog approached the officer or officers, they shot and killed the dog. Then, defendant Wheeles entered plaintiff's home and advised plaintiff that he was in charge, read plaintiff his rights, and asked if there were any guns on the premises. Finding no weapons, Detective Wheeles and the officers left without arresting plaintiff.

## II.     Standard

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff.[2] A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but the complaint must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action.[3] "In other words, plaintiff must allege sufficient facts to state a

---

[2] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[3] *Allen v. Kline*, 507 F. Supp. 2d 1150, 1155 (D. Kan. 2007) (citing *Bell Atl. Corp. v. Twombly*, — U.S.—, 127 S. Ct. 1955, 1964-65 (2007)).

claim that is plausible—rather than merely conceivable—on its face."[4] The court makes all reasonable inferences in favor of plaintiff.[5] The court need not accept as true those allegations that state only legal conclusions.[6] Although plaintiff need not precisely state each element of its claims, it must plead minimal factual allegations on those material elements that must be proved.[7]

Plaintiff alleges constitutional violations under the Fourth and Fourteenth Amendments as follows: (1) excessive force under the Fourth Amendment, and (2) equal protection under the Fourteenth Amendment. He asserts a claim against Detective Wheeles in his individual capacity only.

## III.   Discussion

Plaintiff has not responded to defendant's motion to dismiss, leaving defendant's motion uncontested. As a result of plaintiff's failure to respond, the Court grants defendant's motion. Furthermore, the Court grants defendant's motion to dismiss because plaintiff fails to state a claim upon which relief can be granted.

Defendant's motion to dismiss argues that plaintiff's Complaint should be dismissed because (1) he has alleged no facts that show defendant personally participated in any of the alleged constitutional violations; (2) the officers' detention of plaintiff in handcuffs during the search does not rise to a Fourth Amendment violation; and (3) plaintiff has failed to allege facts

---

[4]*Id.* (quoting *Twombly*, 127 S. Ct. at 1974).

[5]*See Zinermon*, 494 U.S. at 118; *see also* Fed. R. Civ. P. 8(a).

[6]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7]*Id.* at 1110.

sufficient to establish that the officers violated plaintiff's equal protection rights.

Defendant first argues that plaintiff has failed to allege sufficient facts to establish supervisory liability in this matter, barring relief on either alleged constitutional violation. There is no vicarious liability, or strict supervisor liability, in § 1983 actions.[8]

> A supervisor may be held liable under § 1983 for the acts of his subordinate only if the plaintiff shows that the subordinate violated the Constitution and that there is an affirmative link between the supervisor and the violation—"namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinate[ ]."[9]

It is not enough for the plaintiff to show that the supervisor was in charge of individuals who committed the constitutional violations.[10] "A plaintiff may satisfy this standard by showing the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance."[11]

Plaintiff's Complaint does not allege that Detective Wheeles personally participated in the alleged constitutional violations—excessive force and violations of his equal protection rights. Instead, the Complaint alleges that Detective Wheeles first entered his home after those violations took place, told plaintiff he was in charge, read plaintiff his rights, and asked if he had any weapons in the residence. Plaintiff alleges that defendant "is responsible for the unnecessarily painful, degrading and prolonged actions of the John Doe Defendants due to his failure to adequately supervise the officers participating in the execution of the search warrant."

---

[8]*See, e.g.*, *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151-52 (10th Cir. 2006); *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996).

[9]*Lowery v. County of Riley*, 522 F.3d 1086, 1092-93 (10th Cir. 2008) (quoting *Serna.*, 455 F.3d at 1151).

[10]*Serna*, 455 F.3d at 1152.

[11]*Jenkins*, 81 F.3d at 995.

But plaintiff does not allege in the Complaint that Detective Wheeles had knowledge of the violations and acquiesced in their continuance.  Plaintiff only alleges that Detective Wheeles was "in charge," which is not sufficient to establish supervisory liability under § 1983.  Even if the Court assumes that plaintiff can allege that the subordinate officers committed constitutional violations, plaintiff fails to allege facts that could plausibly establish an affirmative link between those violations and Detective Wheeles.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Bryan Wheeles' Motion to Dismiss (Doc. 13) is **granted**.  Because Judge Sebelius's July 28, 2008 Memorandum and Order denying plaintiff's Motion to Amend the Complaint (Doc. 16) had the effect of ordering dismissal of the John Doe defendants,[12] **this case shall be dismissed**.

**IT IS SO ORDERED**.

Dated this 29th day of September 2008.

S/ Julie A. Robinson
Judge Julie A. Robinson
District Court Judge

---

[12] The Court accepts Judge Sebelius's findings in that order that the proposed amendment to the complaint that would have substituted a named defendant for one of the John Doe defendants is futile because it would be barred by the statute of limitations.  Plaintiff was given ten days to lodge objections to this memorandum and order and failed to object.  *See* Fed. R. Civ. P. 72.  Therefore, the John Doe defendants are properly dismissed from this suit.